UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 13-9257-GW(JCx) | Date | March 6, 2014 |
| Title | Rosa M. Vandenberg v. Experian Information Solutions, Inc., et al. | | |

Present: The Honorable    GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Katie Thibodeaux | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Robert F. Brennan

Attorneys Present for Defendants:

Katherine Klimkowski
Thomas P. Quinn
Bradford E. Klein
J. Owen Campbell

PROCEEDINGS:    DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS PLAINTIFF'S SECOND CLAIM FOR RELIEF [22]
SCHEDULING CONFERENCE

Case called. Counsel state their appearances. The Court's Tentative Ruling is circulated and attached hereto. Court hears oral argument. The Court adopts the Tentative Ruling as the Court's final ruling. Defendant's motion is GRANTED, without leave to amend. The Court further sets the following scheduling dates:

No further amendments without a Court's order

| | |
|---|---|
| Mediation Cutoff | June 27, 2014 |
| Post-Mediation Status Conference | **June 30, 2014 at 8:30 a.m.** |
| Discovery cutoff | September 3, 2014 |
| Expert discovery cutoff | September 30, 2014 |
| Motion hearing cutoff | October 30, 2014 |
| Pretrial Conference | **November 24, 2014 at 8:30 a.m.** |
| Jury Trial | **December 2, 2014 at 9:00 a.m.** |

Parties are referred to ADR Procedure No. 2 - ADR Panel

cc: ADR Panel

:    12

Initials of Preparer    kss

**_VanDenBerg v. Experian Info. Solutions, Inc._**, Case No.CV-13-9257 GW (JCx)
Tentative Ruling on  Motion to Dismiss Plaintiff's Second Claim for Relief Pursuant to FRCP 12(b)(6)

Bank of America, N.A. ("BANA") (erroneously sued as Bank of America Corporation) moves to dismiss the second claim for relief advanced by plaintiff Rosa M. VanDenBerg ("Plaintiff") in this case, initiated with the filing of the Complaint on December 17, 2013.  That claim is brought pursuant to California's Identity Theft Law, Civil Code § 1798.98 et seq.

Under Rule 12(b)(6), a court must (1) construe the complaint in the light most favorable to the plaintiff, and (2) accept all well-pleaded factual allegations as true, as well as all reasonable inferences to be drawn from them.  *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001); *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).  The court need not accept as true "legal conclusions merely because they are cast in the form of factual allegations."  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).  In its consideration of the motion, the court is limited to the allegations on the face of the complaint (including documents attached thereto), matters which are properly judicially noticeable and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading."  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruling on other grounds recognized in Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007) (dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief).  However, a

plaintiff must also "plead 'enough facts to state a claim to relief that is plausible on its face.'" *Johnson*, 534 F.3d at 1122 (quoting *Twombly*, 550 U.S. at 570); *see also William O. Gilley Enters., Inc. v. Atlantic Richfield Co.*, 588 F.3d 659, 667 (9th Cir. 2009) (confirming that *Twombly* pleading requirements "apply in all civil cases"). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Crucially, for purposes of Plaintiff's claim under California's Identity Theft Law, Plaintiff admits that she learned *in October 2013* – two months before she filed this case – that BANA "either sold or transferred the home equity loan [at issue in the case] to [co-defendant Specialized Loan Servicing LLC] when she received a monthly mortgage statement from [Specialized Loan Servicing LLC] requesting a monthly payment of $906.30 on a $167[,]317.92 loan." Complaint ¶ 18; *see also id.* ¶ 11. With that admission, Plaintiff's claim is plainly barred by the Ninth Circuit's decision in *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087 (9th Cir. 2008).[1]

In *Satey*, the Ninth Circuit ruled that a plaintiff could not have a claim under the Identity Theft Law against a defendant who no longer has an interest in a disputed debt as of the time an action is filed. *See id.* at 1092-93. It drew this conclusion from the verb tense the California Legislature employed in Civil Code § 1798.92(a), defining "claimant," because it is only against a "claimant" that a plaintiff can bring a claim for violation of the Identity Theft Law. *See* Cal. Civ. Code § 1798.2(a) ("For the purposes of this title: (a) 'Claimant' means a person who *has* or purports to *have* a claim for money or an interest in property in connection with a transaction procured through identity theft.") (emphasis added); *see also id.* § 1798.93(a) ("A person may bring an action against a claimant to establish that the person is a victim of identity theft in connection with the claimant's claim against that person.").

Plaintiff may have valid policy-based reasons for arguing that the decision in *Satey* leaves consumers open to the possibility of having to file repeat actions due to

---

[1] Plaintiff's counsel herein was also counsel for the losing plaintiff in *Satey*.

revolving transfers of disputed consumer accounts. That, however, does not change the binding effect of *Satey*, at least on this Court. It is instead an argument that should be directed, if anywhere, to the California Legislature. *Satey* has now been on the books for close to six years.

  The Court would grant the motion, without leave to amend.